## LEININBACH v. UNITED STATES.
### No. 4102.

Circuit Court of Appeals, Third Circuit.
Feb. 13, 1930.

Wm. A. Gray, of Philadelphia, Pa., for appellant.

Henry B. Friedman, of Philadelphia, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below, Jake Leininbach was tried, convicted, and sentenced on an indictment charging him with interfering with a person authorized to make searches and seizures. Thereupon he took this appeal. The proofs tended to show that Kinsley and Flood were prohibition agents; that as such Kinsley had frequently visited the brewery of the Delaware Beverage Company near Easton, Pa.; and that he knew Leininbach, who had worked at the brewery and who had accompanied him on such inspections. About 5 a. m. on December 8, 1927, the two officers visited the brewery and inspected it, during which time Leininbach was present. They found everything wet and an odor of beer, but found no beer. When they came out and were about to leave, an auto started from near the brewery and an unknown man left the building about the same time. The agents followed the car some four or five hundred yards, when it turned into a driveway. They stopped at the entrance of the driveway and found a large truck projecting some four or five feet from a barn door. The truck was covered over with canvas, but, on inspection, a number of wet beer barrels were found on it which had no marks or labels upon them. There were several men on the truck. One ran away. The agents detected the smell of beer, whereupon they seized the truck for inspection, Kinsley going on it, and sending Flood to get an ebulliometer and for assistance. While Kinsley was on the truck, Leininbach appeared with some eight men and said: "Kinsley, I'll give you two minutes to get off that truck, or I'll pull you off." Kinsley replied that he had seized the truck and was going to hold it, whereupon Leininbach and the eight men took possession of the vehicle, and he directed that it be driven from where it was in Pennsylvania over into New Jersey. While on the journey, which extended over several miles, Kinsley showed Leininbach his credentials as a prohibition officer. He was finally grabbed by the arm and, under threat of being thrown off, left the truck, which, with its contents, was driven away.

The substantial question in this case is whether the federal statutes afford protection to a prohibition agent in the lawful performance of his duty. The indictment was framed and the conviction was had under section 65 of the Criminal Code (18 USCA § 121), which provides that: "Whoever shall forcibly assault, resist, oppose, prevent, impede, or interfere with any officer of the customs or of the internal revenue * * * or any person authorized to make searches and seizures, in the execution of his duty, or shall rescue, attempt to rescue, or cause to be rescued, any property which has been seized by any person so authorized * * * shall be imprisoned not more than ten years."

That statute was on the books when the Congress by section 38 of title 2 of the National Prohibition Act (27 USCA § 61) authorized the Commissioner of Internal Revenue "to appoint and employ such assistants, experts, clerks, and other employees * * * as they may deem necessary for the enforcement of the provisions of this title," and when by section 28, tit. 2 (27 USCA § 45), it provided that: "The commissioner, his assistants, agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this chapter * * * which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States."

It is unnecessary to determine in this case whether prohibition agents are officers of the customs or of the internal revenue within the words of section 65 of the Criminal Code (18 USCA § 121), for, whether or not officers of those grades, they are in given instances persons "authorized to make searches and seizures" as embraced generally and literally within the terms of that section, and we have no doubt that when the Congress by section 28 of the National Prohibition Act (27 USCA § 45) extended the protection of previous acts to those enforcing the later act, it included the protection of section 65 of the Criminal Code (18 USCA § 121) to persons "authorized to make searches and seizures," whether such persons were revenue officers, customs officers, or officers of other grades.

Holding that in this case the prohibition agent was entitled to protection against resistance, prevention, or interference with his work lawfully pursued, and against rescue of property lawfully seized, the next question is whether the prohibition agent at the time

of the interference and rescue in this case was acting lawfully, that is, whether he had a lawful right to make the search and seizure. The question of his right to enter the premises in this case without a warrant and there make a seizure is simplified by the elimination of one of the usual questions, which is that there is no evidence that the premises upon which the agent entered and on which the truck halted and on which it was seized were the premises of the defendant. Rouda v. United States (C. C. A.) 10 F.(2d) 916. Indeed, it is conceded that they were not. The premises thus became neutral ground in a sense, and the search and seizure did not become unlawful because the agent entered upon such premises. There is no question as to the lawfulness of a search, because there was no search at all. There was simply a seizure. The agent followed the car upon the premises, discovered the truck without a search, and seized it. The question therefore resolves itself into whether the case was one of transporting liquor in the agent's presence. We think it was. The agent did not go into the coal yard without a search warrant and hunt for liquor. He followed the incriminating automobile from the direction of the brewery to the yard and then saw the incriminating truck. This constituted a group of circumstances quite sufficient to sustain the holding that the offense was committed in the agent's presence. If committed in his presence, he was justified in making the seizure without a search warrant. That point once established, the remaining important question is whether the defendant interfered with the officer and rescued the truck so seized. The finding of the jury on ample evidence established that fact.

The other questions involved in the case we have carefully examined and find they involve no error. The judgment below is therefore affirmed.